SILBE RMAN, Senior Circuit Judge,
concurring:
As our opinion explains, Op. at 192-93, straightforward reliance on our prior case law suffices to reject appellants’ argument that they need not demonstrate standing as a defendant-intervenor. But I think it worth noting the concerns that weigh against any alteration of our precedent on this point.
If we were authorized to dispense with the standing requirement for a defendantintervenor, then any organization or individual with only a philosophic identification with a defendant—or a concern with a possible unfavorable precedent—could attempt to intervene and influence the course of litigation. To be sure, parties seeking intervention as of right would still need to meet the specific standards articulated in Rule 24(a), but district courts have discretion to grant permissive intervention under Rule 24(b), which requires only that a party have “a claim or defense that shares with the main action a common question of law or fact.” Fed.R.CivP. 24(b)(1)(B). Opening participation to parties without standing would be quite troublesome in direct review in the court of appeals, see Rio Grande Pipeline Co. v. FERC, 178 F.3d 533, 539 (D.C.Cir.1999), but intolerable at the district court level, where individual parties have substantial power to direct the flow of litigation and affect settlement negotiation. Our rule re *196 quiring all intervenors to demonstrate Article III standing prudently guards against this possibility.